■  In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Required for a Project Known as LINCOLN-AMSTERDAM URBAN RENEWAL, in the BOROUGH OF MANHATTAN. BOWLING GREEN STORAGE & VAN CO., INC., Appellant.— Fourth separate and partial final decree of Supreme Court, New York County, entered May 18 1971, unanimously modified, on the law and on the facts, to the extent of remanding the proceeding for a further hearing to determine the value, if any, of claimant's vaults and otherwise affirmed, without costs or disbursements. The property now designated as Damage Parcel No. 31 was operated by claimant as a warehouse which was subdivided, in part, into individually rentable storage rooms or vaults. These vaults were separated by interior walls constructed of cinder blocks and metal doors fitted into masonry encased steel bucks. On the fixture trial, the court below denied the claim for this item on the ground that it had lost its identity by becoming an inherent part of the building. However, it appears from the record before us that claimant's fee expert considered such vaults to be fixtures (and therefore subject to a separate appraisal in the instant proceeding) and omitted any value therefor on the fee claim, which was concluded in 1969. Both the claimants and the city's fee appraisers valued the warehouse on an open space basis. We are of the opinion that, under the circumstances of this case, a value for such vaults should have been considered at the fixture trial. Not all articles affixed to realty lose their separate identity, thereby precluding a separate award. (Cf. *Matter of City of New York* [*Tomkins Sq. Urban Renewal Project*], 27 A D 2d 810.) Lastly, our determination hereon should not be construed, on remand, as an indication of our belief that these vaults have any compensable value; only that the parties should be afforded the opportunity of presenting at a trial appraisals and any other evidence with respect to the issue of valuation. Concur — Murphy, Lupiano and Tilzer, JJ.; Kupferman, J. P., concurs in the result in the following memorandum: Cinderblock walls with masonry and encased steel doors should not be considered fixtures. (See 6 Permanent A. L. R. Digest covering Vols. 1–175, p. 182 *et seq.*) On the other hand, it appears that the value of the vaults had been excluded from the fee award by Backer, J., and the valuation thereof was deferred for consideration with the fixtures. Amsterdam, J., properly determined that they were not compensable as fixtures because of their character. The result was that seemingly no determination was ever made as to their value in one form or another, and, accordingly, I agree that the matter should be remanded in order to determine whether they were considered for compensation, and if not, in what amount they enhance the value of the fee.